Joseph F. Postnikoff
State Bar No. 16168320
Email: jpostnikoff@romclaw.com
ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, Texas 76102
Telephone: 817.347.5260
Facsimile: 817.347.5269
http://www.romclaw.com

COUNSEL FOR CHAPTER 11 DEBTORS IN POSSESSSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 24-10217-elm11 |
| PRIMAL MATERIALS, LLC, and | § | Case No. 24-10218-elm11 |
| PRIMAL CRUSHING, LLC, | § | |
| | § | Jointly Administered Under |
| Debtors. | § | Case No. 24-10217-elm11 |

**DEBTORS' FIRST MODIFICATION TO ORIGINAL JOINT CHAPTER 11 PLAN OF REORGANIZATION PROPOSED BY PRIMAL MATERIALS, LLC AND PRIMAL CRUSHING, LLC, THE DEBTORS AND DEBTORS IN POSSESSION**

**TO ALL PARTIES-IN-INTEREST, THEIR ATTORNEYS OF RECORD AND TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:**

COME NOW, Primal Materials, LLC ("Primal Materials") and Primal Crushing, LLC, ("Primal Crushing"), jointly the "Debtors", and file this *First Modification to Original Joint Chapter 11 Plan of Reorganization Proposed by Primal Materials, LLC and Primal Crushing, LLC, the Debtors and Debtors in Possession* (the "Modification") pursuant to and in conformity with the provisions of Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 *et seq*.

1. Debtor filed its *Original Joint Chapter 11 Plan of Reorganization Proposed by Primal Materials, LLC and Primal Crushing, LLC, the Debtors and Debtors in Possession* on March 13, 2025 [Docket No. 73]. There have been no prior modifications or amendments to the

*Original Joint Chapter 11 Plan of Reorganization Proposed by Primal Materials, LLC and Primal Crushing, LLC, the Debtors and Debtors in Possession.*

2.      Debtors propose the following modifications to the *Original Joint Chapter 11 Plan of Reorganization Proposed by Primal Materials, LLC and Primal Crushing, LLC, the Debtors and Debtors in Possession* (the *Original Joint Chapter 11 Plan of Reorganization Proposed by Primal Materials, LLC and Primal Crushing, LLC, the Debtors and Debtors in Possession* together with this Modification are jointly referred to herein as the "Plan").

3.      **Paragraph 2.2 of the Plan** is modified to add the following:

<u>Texas Comptroller of Public Account</u> (the "Texas Comptroller"). Notwithstanding any term in the Plan, the Confirmation Order, or any other pleadings or orders to the contrary: (i) the Texas Comptroller of Public Accounts' (the "Texas Comptroller") setoff rights are preserved under § 553 of the Bankruptcy Code; (ii) any and all tax liabilities owed by Debtor to the Texas Comptroller, including those resulting from administrative hearings, audits, or other state administrative procedures, shall be determined, resolved, and paid timely under and in accordance with the laws of the State of Texas; (iii) all matters involving Debtor's liabilities to the Texas Comptroller shall be resolved in accordance with the processes and procedures provided by Texas law, including prosecution in Texas state courts; (iv) Debtor shall not request relief from the bankruptcy court with regard to any matters involving Debtor's liabilities to the Texas Comptroller; and (v) the bankruptcy shall have no effect on the Texas Comptroller's rights as to non-Debtor third parties.

4.      **Paragraph 4.3 of the Plan** is modified to read as follows:

**<u>Class 3 — Secured Claim of ALJR Ventures, LLC</u>**.

Description: Class 3 consists of the Secured Claim of ALJR Ventures, LLC ("ALJR") asserted against Primal Materials. Pursuant to Proof of Claim No. 5 filed February 20, 2025, ALJR asserts a Claim of $430,807.54 (the "ALJR Materials Secured Claim") Secured by a first in priority UCC-1 Lien (the "ALJR Materials Lien") against the untitled personal property of Primal Materials.

When combined, the Collateral which supports the ALJR Materials Lien and the ALJR Crushing Lien, as hereinafter defined, result in the ALJR Materials Secured Claim and the ALJR Crushing Secured Claim, as hereinafter defined, being fully Secured. Accordingly, the Plan recognizes an Allowed Secured Claim of ALJR in the amount of $761,415.94. Pursuant to the Cash Collateral Order, Primal Materials has made a series of monthly adequate protection payments to ALJR in the amount of $10,000.00 since January 1, 2025.

Treatment: The Plan provides for the following treatment of the Class 3 Allowed Secured Claim of ALJR:

   a. The Allowed Secured Claim of ALJR shall be satisfied in sixty equal monthly installment payments of principal and interest, which interest shall accrue from the Effective Date of the Plan at the contract rate of interest, with the first monthly installment payment due on or before the Initial Distribution Date;

   b. Any pre-petition default by the Debtors shall be waived; and

   c. ALJR shall retain the ALJR Materials Lien and the ALJR Crushing Lien until its Allowed Secured Claim has been satisfied in full. Nothing contained herein shall disturb the priority of liens asserted by ALJR and Fundthrough USA in assets of Primal Materials and/or Primal Crushing.

Class 3 is impaired and is allowed to vote on the Plan.

5.    **Paragraph 4.5 of the Plan** is modified to read as follows:

## Class 5 — General Unsecured Claims.

   Description: Class 5 consists of Allowed Claims against Primal Materials (including Claims arising from the rejection of executory contracts and/or unexpired leases) other than: (i) Administrative Claims; (ii) Priority Tax Claims; or (iii) Claims included within any other Class designated in this Plan. Class 6 shall be deemed to include those Creditor(s) holding an alleged Secured Claim against Primal Materials for which: (y) no collateral exists to secure the alleged Secured Claim; and/or (z) liens, security interests, or other encumbrances that are senior in priority to the alleged Secured Claim exceed the fair market value of the collateral securing such alleged Secured Claims as of the Petition Date.

   Treatment: Each holder of an Allowed Unsecured Claim in Class 5 shall be paid by the Reorganized Debtor as follows in full satisfaction of such creditor's claim: holders of an allowed Class 5 (as well as other Classes of Claims deemed to be a member of Class 5) shall receive their pro-rata share of payments of a fixed amount from a common fund (the "Unsecured Creditor Pool"), for thirty-six (36) months or, alternatively, of Disposable Income available to Primal Materials as described in greater detail in Paragraph 8.5 herein, in payment of this Claim.

   Payments from the Unsecured Creditor Pool to holders of allowed Class 5 Claims[1] shall be accrued and paid quarterly, for a period not to exceed three (3) years. The first of twelve (12) quarterly Disposable Income Payments shall be made on the first day of the third month following the Effective Date and every three months thereafter

---

[1] For purposes of this Paragraph 4.5 of the Plan, Robco Lott, LLC is acknowledged to hold an Allowed Class 5 Claim in the amount of $619,167.40 (consisting of a Class 5 Claim of $184,530.14 and a Class 12 Claim in the amount of $434,637.26).

No Holder of a Class 5 Claim shall receive more than 100% of their Allowed Claim. A Holder of both a Class 5 Claim and a Class 12 Claim which is based on the same underlying obligation, shall be entitled to a single recovery pursuant to this Class 5 of the Plan. A Holder of a Class 5 or Class 12 Claim shall not be entitled to payment of interest on its Allowed Claim.

6.      **Article VII. of the Plan** is modified to add the following:

7.5.    **Poorman Family Investments, L.P. Rock Lease**.

Pursuant to *Order Granting Motion to Assume Rock Lease Agreement with Poorman Family Investments, L.P. and for Related Relief* entered February 27, 2025 [Docket No. 72] the Bankruptcy Court approved assumption of that certain Rock Lease dated February 8, 2020, entered into between Primal Materials and Poorman Family Investments, L.P. ("Poorman"). Since then, Primal Materials and Poorman have entered into an Addendum to Rock Lease extending the term of the Rock Lease. Nothing contained in the Plan or the Confirmation Order shall disturb or otherwise affect the rights of either Primal Materials or Poorman under the terms of the Rock Lease as amended by the Addendum to Rock Lease.

7.6.    **Robco Lott, LLC Loader Rental**.

Primal Materials rents from Robco Lott, LLC ("Robco") a L180G Volvo Loader with 6-yard bucket (the "Loader") on a month-to-month basis at the rate of $8,365.00 monthly (the "Rentals"). Robco is entitled to an Administrative Claim for the use of the Loader for the period of January 2025 through the Confirmation Date for Rentals which have not been satisfied as of the Confirmation Date. Nothing contained in this Plan or the Confirmation order shall disturb or otherwise affect the rights of Primal Materials or Robco to exercise the right to terminate the rental of the Loader on thirty (30) days written notice.

7.      **Paragraph 12.1. of the Plan is modified as follows**:

a.   The second listed Pre-Petition Pending Litigation is described as follows:

Cause No. CC24908 styled *Warren Power & Machinery, Inc. vs. Primal Crushing, L.L.C. and Victor John Hirsch, Defendants* in the County Court at Law, Midland County, Texas.

b.   The second listed Pre-Petition Pending Litigation is modified to read as follows:

Cause No. CC25998 styled *Warren Power & Machinery, Inc. vs. Primal Crushing, L.L.C. and Victor John Hirsch, Defendants* in the County Court at Law, Midland County, Texas.

8.      **ARTICLE XI. of the Plan** is modified to add the following:

11.8.   <u>**Interpretation of Provisions Concerning Effect of Plan Confirmation**</u>:

      Nothing contained in the Plan shall (a) affect or otherwise impair the rights of a Creditor to commence or continue collection actions against a co-obligor or guarantor of that Creditor's Claim against the Debtors, (b) operate as a release or discharge of a Creditor's Claim against a non-debtor party, or (c) eliminate or otherwise limit a Creditor's rights of setoff, subrogation, or recoupment in a manner inconsistent with Title 11 of the United States Code.

Dated this the 7th day of May 2025.

Respectfully submitted,

ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, Texas 76102
Telephone: 817.347.5260
Facsimile: 817.347.5269
http://www.romclaw.com

By:    /s/ Joseph F. Postnikoff
      Joseph F. Postnikoff
      State Bar No. 16168320
      Email: jpostnikoff@romclaw.com

COUNSEL FOR DEBTORS IN POSSESSION

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 7th day of May 2025, a copy of the foregoing Modification was served via ECF on the parties registered with the Court to receive service via ECF and via first class United States mail, postage prepaid, on the parties listed on the attached service list.

  /s/ Joseph F. Postnikoff
      Joseph F. Postnikoff